UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Mark Mandeville

   v.                                         Civil No. 05-cv-092-PB

Carole Anderson, et al.[1]

**ORDER**

Proceeding *pro se* and *in forma pauperis*, Mark Mandeville filed a complaint (document no. 4) under 42 U.S.C. § 1983 alleging that during his pretrial incarceration at the Merrimack County House of Correction ("MCHC"),[2] he was denied a number of his constitutional rights by MCHC employees, including, among others, his right to adequate medical care, his right to humane

---

[1] Mandeville names the following eleven Merrimack County House of Corrections employees or subcontractors as defendants to this action: Superintendent Carole A. Anderson, Assistant Superintendent Richard Doucette, Captain Croft, Sargeant Jardullo, Sargeant Robinson, Corporal Stalker, Corrections Officers Prentiss and Twining, Nurse Carol French, Physician's Assistant Henry Symonds, and Dr. James Trice. In addition to these named defendants, Mandeville has asserted claims against the following defendants in the body of his complaint: Nurses Glynnis Poisson and Judy Figueroa, Sargeant Struven, and Corrections Officers Saucier, Mayo, Lewko, Unite and Andrade.

[2] Mandeville is now an inmate at the New Hampshire State Prison.

conditions of confinement, and his right to be protected from harm during his incarceration.  The complaint is before me for preliminary review to determine whether, among other things, it states any claim upon which relief may be granted.  See 28 U.S.C. § 1915A; United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).

As explained fully in the Report and Recommendation issued simultaneously with this Order, I direct that the inadequate medical care claim be served on defendants French, Poisson, Figueroa, and Dr. Trice, the inhumane conditions of confinement claims be served on defendants French, Jardullo, Prentiss, Saucier, Mayo, Unite, and Anderson, the endangerment claim be served on defendants Struven and Jardullo, the denial of a wheelchair claim be served on defendants Stalker, French, Struven, prentiss, Saucier, Anderson, Twining, Mayo, Unite, and Andrade, and the ADA claim be served on defendants Stalker, French, Struven, Prentiss, Saucier, Anderson, Twining, Mayo, Uniet, Andrade, Jardullo, and Anderson.  I further direct that defendants Croft, Anderson, and Doucette be served with all of the approved claims in their supervisory capacities.  See 28 U.S.C. § 1915A(b)(1).

Accordingly, I order that the complaint be served on the defendants.  As Mandeville has filed all of the necessary summons forms, I order that the complaint be served on those defendants.  The Clerk's office is directed to issue the necessary summons forms and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summonses and copies of the complaint (document no. 4) and this Order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon defendants.  See Fed. R. Civ. P. 4(c)(2).

Defendants are instructed to answer or otherwise plead within twenty days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Mandeville is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:  July 21, 2005

 cc:   Mark Mandeville, *pro se*