UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Mark Mandeville

    v.                                             Civil No. 05-cv-92-JD
                                                Opinion No 2006 DNH 130
Merrimack County Department
of Corrections, et al.


O R D E R

Mark Mandeville brings an action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was a pretrial detainee at the Merrimack County House of Corrections ("MDOC"). Included in his complaint is a claim against Dr. James Trice in which Mandeville alleges that Dr. Trice's failure to monitor his bone marrow loss after prescribing a medication associated with that side effect constituted deliberate indifference to his serious medical need in violation of the Eighth Amendment. Dr. Trice moves for summary judgment on the ground that he is not subject to liability under § 1983 because he is not a state actor. Mandeville, who is represented by counsel, did not respond to Dr. Trice's motion.


Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party.  See id. at 255.

Under the local rules in this district, properly supported facts presented in a motion for summary judgment are deemed to be admitted if they are not opposed by the adverse party.  LR 7.2(b)(2).  That is the case here.  An unopposed motion for summary judgment can only be granted, however, if the moving party is entitled to judgment on the merits of the motion, viewed in light of Rule 56.  See Carmona v. Toledo, 215 F.3d 124, 134 n.9 (1st Cir. 2000).

## Discussion

Dr. Trice is a physician in private practice in Concord, New Hampshire.  He accepts referrals from the MDOC for medical services in rheumatology.  Dr. Trice is not under contract with the MDOC, but he treats inmates who are referred to him in his private office or at Concord Hospital.  MDOC pays Dr. Trice for

services to inmates who it refers to him.  Alternatively, under the MDOC regulations, inmates have the option of treating with physicians of their own choice at their own expense.

Mandeville was referred to Dr. Trice by MDOC.  Dr. Trice treated Mandeville in his office on three occasions between May and August of 2002 and saw Mandeville at Concord Hospital on one occasion during that time period.  Dr. Trice billed for the services he provided and was paid by MDOC.

Dr. Trice contends that he is entitled to summary judgment because he was not a state actor when he provided medical services to Mandeville.  "Section 1983 'provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place "under color of any statute, ordinance, regulation, custom, or usage, of any State . . . ."'"  Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4 (1st Cir. 2005) (quoting Lugar v. Edmonson Oil Co., 457 U.S. 922, 924 (1982) quoting § 1983).  Therefore, a plaintiff may maintain a § 1983 claim only against a person who deprived him of a federal constitutional or statutory right while acting under color of state law.  Estades-Negroni, 412 F.3d at 4.  Only rarely will private parties be deemed to be state actors.  Id.

The First Circuit generally has used three tests for determining whether a private party engaged in state action for

purposes of liability under § 1983.  Id. at 4-5.  In the particular circumstances of claims arising from medical services provided by a private physician to a prisoner, the Supreme Court focused on "the relationship among the State, the physician, and the prisoner" to determine whether the physician acted under color of state law.  West v. Atkins, 487 U.S. 42, 56 (1988).  Dr. Trice contends that the circumstances of his treatment of Mandeville do not satisfy the requirements for state action.

   The First Circuit has not directly addressed the nature of the relationship under West that would be necessary to find state action.  Other courts disagree as to whether a private physician who treats a prisoner must be under contract with the prison to be deemed to be a state actor for purposes of § 1983.  Compare Conner v. Donnelly, 42 F.3d 220, 225 (4th Cir. 1994) ("We believe that the Supreme Court's analysis [in West] applies also to private physicians who treat state prisoners without the benefit of a contract . . . the state authorizes the physician to provide medical care to the prisoner, and the prisoner has no choice but to accept the treatment offered by the physician.") with Sykes v. McPhillips, 412 F. Supp. 2d 197 (N.D.N.Y. 2006) (finding no state action where private physician was not under contract and treated prisoner in hospital outside of prison).  Although the circumstances of this case might fit within the Fourth Circuit's reasoning in Conner, the First Circuit has suggested that it

4

would require a contractual relationship to justify a finding of state action.  Estades-Negroni, 412 F.3d at 7.  In addition, the court suggested that treatment outside a prison facility when the prisoner was free to see a physician of his own choosing would not support a finding of state action.  Id. at n.15.

Therefore, based on the record presented here and the legal grounds presented by Dr. Trice in favor of his position as a private rather than a state actor, Dr. Trice is entitled to summary judgment.

## Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (document no. 50) is granted.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

November 15, 2006

cc:  W. Kirk Abbott, Jr., Esquire
     Charles P. Bauer, Esquire
     John A. Curran, Esquire
     Lisa Lee, Esquire
     Michael J. Sheehan, Esquire
     Ralph Suozzo, Esquire