```
            UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF NEW HAMPSHIRE
```

Mark R. Mandeville

   v.                                       Civil No. 05-cv-92-JD
                                               Opinion No. 2007 DNH 151

Carole A. Anderson, et al.

O R D E R

Mark R. Mandeville was a pretrial detainee held at the Merrimack County House of Corrections ("MCHC") between February of 2001 and March of 2003. He brings claims against the county and individual defendants, alleging that the conditions of his confinement during his incarceration violated his federal constitutional and statutory rights. Defendants Carole A. Anderson, Richard Doucet, Jeffrey Croft, Marc Jardullo, Officer Stalker, Officer Prentiss, Sarah Struven, Joseph Saucier, Larry Untiet, Don Andrade, and Dawn Twining move to dismiss the claims against them on the ground that Mandeville failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e. Defendant Andrade filed a separate motion to dismiss, challenging the magistrate judge's preliminary review of the claims against him.

Discussion

Proceeding under 42 U.S.C. § 1983, Mandeville alleged that Anderson, Jardullo, Prentiss, Saucier, Untiet, and Nurse French violated his Fourteenth Amendment right to humane conditions of confinement by denying him certain basic necessities, that Struven and Jardullo violated the Fourteenth Amendment by endangering him, and that Anderson, Stalker, Twining, Struven, Prentiss, Untiet, Saucier, Andrade, and Nurse French violated the Fourteenth Amendment by denying him access to a wheelchair. He also alleged claims against individual defendants under the Americans with Disabilities Act, which have been dismissed. The individual defendants, other than Nurse French, contend that Mandeville failed to exhaust his available remedies because he did not identify individual defendants or provide sufficient detail in his complaints and because he did not make a complaint about his endangerment claim. Andrade moves separately to dismiss the claim against him on the ground that Mandeville failed to state a claim.

As a preliminary matter, the defendants' motions, which are titled as motions to dismiss, are procedurally incorrect because the defendants have answered the complaint. See Fed. R. Civ. P. 12. Mandeville, who is represented by counsel, only filed a response to Andrade's separate motion. He did not respond to the

motion based on § 1997e, which was filed by the group of defendants. The motions are addressed, separately, as the "Section 1997e Motion" and "Andrade's Motion."

I. Section 1997e Motion

The defendants seeking dismissal based on § 1997e also move, in the alternative, for summary judgment. In support of their motion, the defendants filed Anderson's affidavit, based on her "knowledge and belief," and the Merrimack County Department of Corrections 2001 manual. Because the defendants submitted materials extrinsic to the pleadings with their motion and asked, in the alternative, that it be treated as a motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, the motion is deemed to seek summary judgment. Mandeville had notice that the defendants were seeking relief under Rule 56, so that no further notice is required before addressing the motion. Clorox Co. P.R. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 31 (1st Cir. 2000).

A. Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

3

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. See <u>id.</u> at 255. "[E]ven an unopposed motion for summary judgment should not be granted unless the record discloses that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." <u>Rivera-Torres v. Rey-Hernandez</u>, 502 F.3d 7, 13 (1st Cir. 2007).

In this case, because the defendants seek summary judgment based on an affirmative defense, Mandeville's failure to comply with § 1997e, they bear the burden of proving that their defense applies. <u>Jones v. Bock</u>, 127 S. Ct. 910, 919 (2007); <u>Acosta v. U.S. Marshal's Serv.</u>, 445 F.3d 509, 512 (1st Cir. 2006); <u>Rand v. Symonds</u>, 422 F. Supp. 2d 318, 325 (D.N.H. 2006). When "the party moving for summary judgment bears the burden of proof on an issue, he cannot prevail unless the evidence that he provides on

that issue is conclusive." E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Ancantarillados de P.R., 279 F.3d 49, 55 (1st Cir. 2002) (internal quotation marks omitted). Therefore, a moving party with the burden of proof must provide undisputed facts to establish all of the essential elements of his claim to prove that no reasonable trier of fact could find against him. Id.

B. Exhaustion Requirements

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Proper exhaustion of administrative remedies is required, meaning that a prisoner must comply with the procedures of the prescribed administrative process and cannot elect to bypass the process provided. Woodford v. Ngo, --- U.S. ---, 126 S. Ct. 2378, 1282, 2389-90 (2006). The purpose of the exhaustion requirement is to "'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" Woodford, 126 S. Ct. at 2387 (quoting Porter v. Nussle, 534 U.S. 516, 525 (2002).

The defendants contend that MCHC had a formal grievance procedure in place during Mandeville's incarceration and provide a copy of the applicable manual, which is dated 2001. They contend Mandeville did not exhaust the prescribed grievance procedure as to the claims he brings against them because he did not name individual defendants, did not provide sufficient detail to permit an investigation of his complaints, and did not raise issues pertaining to his claim of endangerment. The defendants rely on Anderson's affidavit to document the asserted inadequacies of Mandeville's grievances.

The grievance procedure submitted by the defendants consists of the following:[1]

> Inmate's [sic] incarcerated at the Merrimack County Department of Corrections have the right and opportunity to submit grievances to the county authorities as well as other officials of the State of New Hampshire without fear of adverse actions. The inmate grievance procedure is a formal method for resolving "misinterpretations" and/or "misapplications" of rules or alleged violations of Department Policy and Procedures.
>
> Officers will supply the necessary paperwork or information to any inmate that seeks to submit a grievance. The Assistant Superintendent will then assign the appropriate personnel to the investigation

---

[1] Although Anderson quotes "the procedure for submission of grievances" in her affidavit, which is somewhat different from the procedure provided in the manual, the defendants have not explained why there were two procedures or provided a copy of the source of the quoted procedure.

6

>     of the grievance and respond back in writing to the
>     inmate.

Mot. Ex. 3 at 27.  The court has previously reviewed the same procedure in another case for purposes of the § 1997e exhaustion requirement.  See Rand v. Simonds, 422 F. Supp. 2d 318, 326 (D.N.H. 2006).  Based on Rand, the MCHC procedure does not require any particular grievance form or even "fairly suggest that the grievance procedure was the only way, or even the correct way, for inmates to complain about their treatment at the MCHC."  Id.

The defendants do not argue that Mandeville failed to follow a prescribed procedure when he raised his complaints and issues directly to a state senator and the MCHC superintendent. Instead, they argue that the complaints he raised were insufficient because he failed to identify the individual defendants he later sued, failed to provide other detail that would have aided in the investigation of his complaints, and never filed any complaint related to his claim of endangerment.

To satisfy § 1997e, a prisoner is required to exhaust administrative remedies as to each claim raised in a federal complaint and to "provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures."  Rand, 422 F. Supp. 2d at 328 (internal

quotation marks omitted). A prisoner is not required to name or identify each individual defendant in the course of the grievance process to comply with the exhaustion requirements of § 1997e. Jones, 127 S. Ct. at 923. (internal quotation marks omitted). The level of detail depends upon the grievance procedures provided by the prison. Id. If some, but not all, of a prisoner's claims have been exhausted, the case may proceed as to the exhausted claims while the unexhausted claims are dismissed without prejudice. Id. at 925-26.

In this case, Anderson states in her affidavit that she reviewed Mandeville's file and found no grievance or complaint other than a request for a cell change before mid-May of 2002. Anderson's affidavit details the extensive communications she had with Mandeville after that time and until he left MCHC. She states that she received no complaint that Struven or Jardullo endangered Mandeville, as he alleges in his complaint.[2]

The defendants did not provide copies of the complaints or communications that Anderson refers to in her affidavit. Without an opportunity to review the actual complaints, the court cannot

---

[2]Mandeville alleges that both Struven and Jardullo called a lock down in his unit for the purpose of administering him medications. Each of them then announced to the unit that the lock down was Mandeville's fault. He contends that their actions were intended to create animosity and hostility against him and possibly even to endanger him.

rule as a matter of law that Mandeville failed to provide sufficient detail about his complaints or failed to raise his endangerment complaint at all.  The standard for summary judgment is particularly demanding when the moving party is also the party who would bear the burden of proof at trial.  The defendants have not shown, conclusively, that Mandeville failed to exhaust as required by § 1997e.

II.  Andrade's Motion

Donald Andrade moves for judgment on the pleadings as to Mandeville's claims against him.  He contends that Mandeville's allegations, even if taken as true, do not state a cause of action against him.  Mandeville contends that the magistrate judge's preliminary review establishes that he has stated a cause of action and also asserts that Andrade's conduct should be considered along with the conduct of others in determining the claims against him.

A.  Report and Recommendation

When he filed his complaint, Mandeville was incarcerated and was proceeding pro se and in forma pauperis.  The magistrate judge conducted a preliminary review of his complaint under 28 U.S.C. § 1915A and Local Rule 4.3(d)(2).  The magistrate issued a

report and recommendation, following preliminary review, in which he concluded Mandeville stated a claim of unconstitutional conditions of confinement against Andrade based on denying him use of a wheelchair.[3]  The report and recommendation was approved by the court.

As is noted in the report and recommendation, any objection to it must be filed within ten days of receiving notice.  28 U.S.C. § 636(b)(1).  Failure to file a timely objection, waives any right to review of a party's objections.  <u>Santiago v. Canon U.S.A., Ind.</u>, 138 F.3d 1, 4 (1st Cir. 1998).

Andrade was served with the report and recommendation, along with other documents in the case, on November 9, 2006.  He did not file an objection to the report and recommendation within the time allowed.  The motion to dismiss was filed on September 18, 2007, long after the time expired to file an objection under § 636(b)(1).  Therefore, to the extent Andrade challenges the reasoning or conclusions in the report and recommendation, his motion is too late, and those objections are waived.

---

[3]The report and recommendation also recognized a claim under the ADA against Andrade, but all individual claims under the ADA have been dismissed.

B.  <u>Claim</u>

Notwithstanding the magistrate's report and recommendation, Andrade argues that the complaint fails to state a claim against him.  To the extent a motion to dismiss or a motion for judgment on the pleadings would be appropriate, despite a contrary finding in a report and recommendation, which is dubious, Andrade's motion would fail in any case.

A pretrial detainee's rights with respect to the conditions of confinement are guaranteed by the Fourteenth Amendment, which are coextensive with Eighth Amendment rights.  <u>Surprenant v. Rivas</u>, 424 F.3d 5, 18 (1st Cir. 2005).  A plaintiff must show that the defendant, objectively, denied "him the minimal measure of necessities required for civilized living," and that, subjectively, the defendant was deliberately indifferent to the prisoner's needs.  <u>Id.</u> at 18-19.  A claim of unconstitutional conditions of confinement arises only from extreme deprivations, not from threats, discourtesies, and epithets that are not carried out.  <u>Skinner v. Cunningham</u>, 430 F.3d 483, 489 (1st Cir. 2005).

In support of his claim, Mandeville alleged that he suffered from serious medical problems caused by arthritis that impaired his ability to walk and caused other severe symptoms requiring hospitalization on several occasions and daily medications.  He

11

was permanently authorized to use a wheelchair in October of 2002.  Nevertheless, on January 31 and February 2, 2003, Andrade announced over the intercom that Mandeville would have to walk to the intercom button in his cell to receive his medications.  Andrade threatened a disciplinary write-up if Mandeville did not get up and walk to the intercom button.  Mandeville did not allege what occurred as a result of Andrade's orders.

When, as here, the defendant has filed an answer, a motion to dismiss is properly considered as a motion for judgment on the pleadings.  "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings is decided under the same standard as a motion to dismiss.  Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir. 2005).  When considering a motion for judgment on the pleadings, the "court must accept all of the nonmoving party's well-pleaded factual averments as true and draw all reasonable inferences in her favor."  Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998).  The plaintiff "must allege 'a plausible entitlement to relief.'"  Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. v. Twombley, --- U.S. ---, 127 S. Ct. 1955, 1967 (2007)).

Taken in the proper context, Mandeville's allegations go beyond mere threats or harassment by Andrade. It may be inferred that Mandeville was forced to walk, despite his need to use a wheelchair, on two occasions or forfeit his prescribed and necessary medications. Alternatively, Mandeville may have been denied his medications, if he were unable to get to the intercom button.[4] Because Mandeville was prescribed the use of a wheelchair three months earlier, it may be inferred, in the absence of contrary evidence, that Andrade knew he needed to use the wheelchair to get across his cell to the intercom button but, nevertheless, required him to try to walk or forego his medications. Therefore, the allegations provide enough for a plausible cause of action.[5]

---

[4] In his reply, Andrade attempts to offer evidence to show that Mandeville's allegations were wrong or that he suffered no harm. Evidence beyond the complaint is not appropriate for a motion for judgment on the pleadings. Fed. R. Civ. P. 12(c).

[5] Mandeville suggests that the actions of others could be aggregated with Andrade's actions for purposes of his claim against Andrade. Mandeville, however, did not provide any legal authority to support such a theory. A different circumstance exists when the claim is brought against an entity, because the entity is liable for the actions of guards that were taken pursuant to the jail's practice, custom, or policy. See Surprenant, 424 F.3d at 20.

<u>Conclusion</u>

For the foregoing reasons, the defendants' motion to dismiss (document no. 78) is denied without prejudice to file, if appropriate, a more fully supported motion for summary judgment on the issue of exhaustion.

The motion to dismiss claims against Defendant Andrade (document no. 77) is denied.

SO ORDERED.

                                              _____
                                              Joseph A. DiClerico, Jr.
                                              United States District Judge

December 4, 2007

cc:   W. Kirk Abbott, Jr., Esquire
      Charles P. Bauer, Esquire
      John A. Curran, Esquire
      Elizabeth L. Hurley, Esquire
      Lisa Lee, Esquire
      Daniel J. Mullen, Esquire
      Michael J. Sheehan, Esquire
      Ralph Suozzo, Esquire